980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest F. BARTER, Jr.; Jo Ann Barter, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70324.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest and Jo Ann Barter appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue Service's disallowance of deductions the Barters took for costs associated with maintaining an aircraft used on the Barters' ranch. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review for clear error the tax court's finding of whether an activity is undertaken for profit, Polakof v. Commissioner, 820 F.2d 321, 323 (9th Cir.1987), cert. denied, 484 U.S. 1025 (1988), and we affirm.
 
 
 3
 The Barters own a 320-acre ranch in Siskiyou County, California. The Barters claimed various deductions in connection with cattle grazing activity conducted on the property during tax years 1982, 1983, and 1984. After disallowing the deductions taken for depreciation and expenses related to the Barters' use of a private aircraft, the Commissioner sent the Barters notices of deficiency. The Barters timely petitioned the United States Tax Court for review. The Tax Court sustained the Commissioner's determinations. The Barters timely appealed from the Tax Court's decision.
 
 
 4
 On appeal, the Barters contend the Tax Court erred because they met their burden of proof under sections 162 and 183 of the Internal Revenue Code, 26 U.S.C. ("Code"), and demonstrated that they conducted their business with a bona fide profit motive. This contention lacks merit.
 
 
 5
 Section 162 permits deductions for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). The standard test for existence of such trade or business is whether "the activity was entered into with the dominant hope and intent of realizing a profit." United States v. American Bar Endowment, 477 U.S. 105, 110 n. 1 (1986) (quotations omitted); see also Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir.1986). Section 183 of the Code provides that no deduction attributable to "an activity [ ] not engaged in for profit" shall be allowed. 26 U.S.C. § 183(a). The taxpayer bears the burden of proving that his or her primary purpose was to derive a profit from the activity. Skeen v. Commissioner, 864 F.2d 93, 94 (9th Cir.1989). "Whether an activity is carried on for profit is determined by reference to objective standards and examination of all facts and circumstances." Polakof, 820 F.2d at 324.
 
 
 6
 Here, following trial, the Tax Court determined that the Barters lacked the requisite objective of realizing a profit from cattle grazing. The Tax Court evaluated the Barters' motive based upon the factors enunciated in Sec. 1.183-2(b) of the Income Tax Regulations, 26 C.F.R. The Tax Court found that the Barters failed to maintain separate books and records for the ranch, lacked expertise in the field, lacked success in carrying on a similar activity, expected the property to appreciate in value as improvements were added, had substantial income from a source other than the ranch, and derived personal pleasure from the ranch. See 26 C.F.R. § 1.183-2(b). The Tax Court also found that the Barters had losses in the 1982, 1983, and 1984 tax years, as well as the years prior to and immediately following those years. See id. Although the Tax Court found that there was some evidence of an intent to increase the amount of farming done on the property, the Tax Court found such evidence insufficient to establish a profit motive for the years at issue.
 
 
 7
 Based upon our review of the record, we determine the Tax Court did not clearly err in its determination that the Barters did not have the requisite profit objective in their ranch activity. See Polakof, 820 F.2d at 324.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Barters also contend the Tax Court erred by excluding from the trial record testimony and evidence supporting their profit motive. This contention lacks merit. We review the Tax Court's determination to exclude evidence for abuse of discretion. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988). The Barters have not demonstrated that the Tax Court abused its discretion in excluding certain testimony or evidence. We conclude that the Tax Court did not err in its determination. See id.; see also Waddell v. Commissioner, 841 F.2d 264, 267 (9th Cir.1988) ("[a]bsent some showing of extraordinary circumstances that would render the trial court's decision wholly arbitrary and capricious, a decision to exclude or admit evidence must be upheld.")